IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TOMMY J. MORRIS,<br><br>Defendant. | Case No. CR07-1009<br><br>ORDER FOR PRETRIAL DETENTION |

On the 30th day of August, 2007, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by Attorney Michael K. Lahammer.

## RELEVANT FACTS

On May 22, 2007, Defendant Tommy J. Morris was charged by Indictment (docket number 2) with three counts of distribution of crack cocaine within 1,000 feet of a school. The Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on October 22, 2007.

Officer Tom Pregler of the Dubuque Police Department testified that Defendant sold crack cocaine to a confidential informant on January 3, 2007, January 4, 2007, and January 8, 2007. Officer Pregler testified that on each occasion, the confidential informant ("CI") came to the office and was searched. The CI then placed a phone call to Defendant to arrange for the purchase. The phone call was recorded. A voice body transmitter was placed on the CI in order to record the transaction. Officer Pregler then delivered the CI to the prescribed location and dropped him off. Officers remained in visual contact with the CI until he got into Defendant's vehicle to make the purchase. After the CI got out of

Defendant's vehicle, he was transported back to the office, where he was searched again. According to Officer Pregler, the CI purchased crack cocaine from Defendant on each occasion.

After the Indictment was returned on May 22, 2007, Officers contacted the confidential informant in an effort to locate Defendant. It was believed that Defendant was living in East Dubuque, Illinois, and officers also contacted the East Dubuque Police Department. Officers from East Dubuque searched the trash at Defendant's residence and found plastic bags with the corners cut off and razor blades, which Officer Pregler testified is consistent with the distribution of controlled substances. East Dubuque officials then obtained a search warrant, which was executed on May 22, 2007.

Defendant and his girlfriend, Terry Allen, were present at the house when the search warrant was executed. (It should be noted parenthetically that, according to the confidential informant, Defendant's girlfriend was also present in the car when the drugs were exchanged.) A search of Defendant's home located 40 small baggies of crack cocaine, weighing a total of 11 grams, and a large bag of crack cocaine, weighing 19.1 grams. Also located in the residence were six cell phones, $700 in cash, and two rounds of .45 caliber ammunition. No weapons were found.

Defendant was arrested following the search and charged in state court in Daviess County, Illinois. According to the Pretrial Services Report, the Daviess County charges were dismissed on August 21, 2007, so the Defendant could be returned to Iowa and face the instant federal charges. Officer Pregler testified that he was not sure of the status of the Illinois state charges.

According to the Pretrial Services Report, Defendant has been arrested eighteen times for various charges, including criminal trespass, possession of cannabis, aggravated assault, battery/bodily harm, and receiving or possessing a stolen vehicle. However, Defendant has only two convictions: "disorderly house" in Linn County in 2004 (resulting in a $50 fine), and "disorderly conduct-loud and raucous noise" in Dubuque County in

2

2006, (resulting in a deferred judgment and two years' probation).[1] Defendant reported to the pretrial services officer that he has been charged at least twice with failure to appear, which he testified resulted from a failure to receive notice due to an "unstable" address at that time.

Following Defendant's arrest, his girlfriend moved back to Dubuque. Defendant testified that if he were released prior to trial, he would reside with his girlfriend. Defendant also testified that he is employed part time as a maintenance man with his girlfriend's father, earning $1200-$1500 per month.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the

---

[1] Defendant testified that he "can't really remember" the incident which gives rise to the disorderly conduct charge and claimed that he did not know he had been placed on probation.

3

person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822 F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant was charged with one count of distributing less than five grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a), and two counts of distributing more than five grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C.

4

§§ 841(a)(1), 841(b)(1)(B), and 860(a). Each of these charges establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Defendant testified that he could reside with his girlfriend and work for his girlfriend's father. The Court notes, however, that Defendant was residing with his girlfriend and working for his girlfriend's father at the time of the incidents which give rise to the instant charges. The Court notes further that Defendant's girlfriend apparently accompanied him during one or more of the controlled buys and was present in the home when a substantial amount of crack cocaine was found.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 30th day of August, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA